**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**DuBOSE AUSLEY AND**
**T. BUCKINGHAM BIRD,**
**as Trustees for the owners of Dog Island Venture**

       **Plaintiffs,**

**v.**                                        **CASE NO. 4:13-cv-469-MW/CAS**

**WRIGHT NATIONAL FLOOD INSURANCE**
**COMPANY, f/k/a FIDELITY NATIONAL**
**INDEMNITY INSURANCE COMPANY**
**AND J. SMITH LANIER AND CO.,**

       **Defendants.**
_____/

**CONSENT PROTECTIVE ORDER**

ALL PARTIES CONSENTING, IT IS HEREBY ORDERED:  that with respect to any

documents or information produced in this case:

1.      GENERAL.

     A.   The parties will produce originals, legible copies of originals, or copies of

copies of original documents for inspection pursuant to the Federal Rules of Civil Procedure

unless otherwise agreed by the parties, or ordered by the Court.  After examination of documents

produced,  the  requesting party will identify those documents to be copied and furnished to it.

Copying of such documents, designations of confidentiality as provided herein, and furnishing of

copies shall be done expeditiously and as soon as practical after documents have been so

identified.

     B.     The producing party will retain the original documents until this litigation

is terminated.  Copies of produced documents shall be admissible into evidence as true and

1

correct copies of the originals, unless a party reasonably gives notice that he will insist that only the original document be used as evidence (in that event, the party so insisting must produce the document for use at trial at a reasonable time prior thereto), but objections to admissibility on grounds of relevance or other grounds are not hereby precluded.

        C.     The fact that information has been designated as CONFIDENTIAL by the producing party pursuant to this Order shall not affect or determine what a trier of fact may find to be confidential or proprietary, nor shall such designation in any way shift, decrease or affect the burdens of proof and persuasion upon a party seeking to maintain any CONFIDENTIAL designation or upon a party seeking to have the court determine that the other party is not entitled to a designation of CONFIDENTIAL.  Unless otherwise agreed by all parties, the fact of such designation shall not itself be admissible into evidence and the trier of fact shall not be advised of the fact of such designation. Accordingly, a party who intends to tender into evidence a document or documents marked CONFIDENTIAL must either furnish a  copy without  the confidential stamp or submit to the party who supplied the document or documents at least ten (10) days prior to the commencement of the trial a list of all documents stamped CONFIDENTIAL that will be tendered into evidence.  When so requested, the party who produced the documents marked CONFIDENTIAL shall have the obligation of providing to the party who intends to tender the documents copies of the documents without the CONFIDENTIAL stamp for introduction into evidence.

      2.     <u>SCOPE</u>.  This Order shall apply to:

        A.     All  information designated  as  CONFIDENTIAL pursuant to this Order;

B.     Portions  of  transcripts  or  videotapes  of depositions or other testimony which refer or relate to information designated as CONFIDENTIAL where so requested by the party seeking to maintain a confidential designation; and

C.     Portions of briefs, memoranda or other writings filed with the Court (and exhibits to such writings) which refer to or relate to information designated as CONFIDENTIAL.

Information shall be designated as CONFIDENTIAL by conspicuously stamping the word "CONFIDENTIAL" on each page to be designated in a manner which will not obscure the text or affect the legibility.   As to transcripts,  court filings, or similar documents, the CONFIDENTIAL legend may be stamped on the first page of the document or indicated by letter to the opposing party.

3.     <u>CONFIDENTIAL INFORMATION</u>.  The producing party may designate as CONFIDENTIAL any document produced by it.

4.     <u>TERMS OF PROHIBITION</u>.   Information designated as CONFIDENTIAL shall not be disclosed or disseminated to <u>anyone</u>, by any person or entity, except as herein provided. Disclosure may be made only to:

A.     Counsel and associated counsel for the receiving party and their employees;

B.     Outside counsel for the producing and receiving party,  and  their employees  involved  in  the  conduct of  the litigation,  and representatives of insurance carriers, if any, which provide coverage for the producing or receiving party;

C.     The plaintiff, and officers, directors, employees and inside counsel of the parties to the extent necessary to assist in preparing for trial or otherwise assisting in the litigation;

3

D.    Any fact witnesses to the extent necessary to assist in preparing for trial or otherwise assisting in the litigation;

E.    Any expert or consultant engaged by a party for the purpose of assisting in the preparation of this litigation, provided, however, that no CONFIDENTIAL information shall be disseminated to any expert or consultant who is employed by a direct business competitor of the party producing the information;

F.    Any person who was involved in the preparation of the document or information or who, prior to the date of the filing of plaintiff's complaint herein, received or reviewed it;

G.    The Court, the jury and court personnel, court reporters and persons engaged in making copies, provided that all CONFIDENTIAL information filed with the Clerk of the Court shall be filed under seal and shall be released only upon agreement among all parties, or pursuant to the terms of this Order, or by order of the Court;

H.    Any other person, entity or firm, with the prior written consent of the producing party.

5.    Each person to whom CONFIDENTIAL information will be disseminated (other than the parties, attorneys for the parties, and their employees, and officers, directors, employees and inside counsel for any party to this case, the Court, the jury, court personnel, and court reporters and those persons described in Paragraph 4F) will be required, prior to any such dissemination, to receive and read a copy of this PROTECTIVE ORDER and Exhibit "A" hereto, agreeing to be bound by the terms of this Order and to be personally subject to the jurisdiction of this Court for the purposes of enforcement hereof by the execution of a copy of Exhibit "A" hereto. Counsel for the party receiving CONFIDENTIAL information and disseminating same

4

shall maintain a list of all such persons along with the written agreement of each person.  The list

and written agreements shall be available for inspection by the Court upon further order.

      6.    <u>CONFIDENTIAL INFORMATION FILED UNDER SEAL</u>.

      All CONFIDENTIAL information, documents, discovery responses, portions of

transcripts and any other pleadings or papers disclosing or referring to such CONFIDENTIAL

information shall be filed under seal and marked as follows:

> CONFIDENTIAL OR CONFIDENTIAL/RESTRICTED:
> This envelope contains documents that are subject to a protective
> order of this Court.   The contents are not to be revealed to anyone
> except the Court, or with the prior written consent of the parties
> herein, or pursuant to an order of this Court.  If the contents are thus
> revealed,  they  shall  thereafter  be resealed.

      7.    <u>CHALLENGE TO CONFIDENTIALITY DESIGNATION</u>.  If any party elects to

challenge any designation of confidentiality of any documents or information pursuant to this

Order, that party shall provide the designating party twenty (20) days advance written notice and

afford  the  designating  party  an  opportunity  to voluntarily remove such designation.  The party

designating shall, within twenty (2O) days of the receipt of such notice, either voluntarily remove

the designation or file a written motion with the Court for an order preventing or limiting

disclosure.   Each such motion shall be accompanied by one copy of each document, response or

portion of transcript challenged.   The motion and accompanying materials shall be filed under

seal as provided in paragraph 4 hereof, and the confidentiality of such information shall remain

protected until the Court shall order otherwise.

      The parties shall attempt to resolve any such challenge by agreement prior to the

time for filing of a motion as herein provided.

If the challenge is not resolved by agreement, or by voluntary removal, and if no motion is filed within twenty (20) days of the receipt of written notice of challenge, then the CONFIDENTIAL designation shall be removed and shall not thereafter apply to such document or information. During the pendency of any motion and before the Court has ruled, the documents shall continue to be treated as CONFIDENTIAL.

8.     <u>PRODUCTION AND RETURN OF DOCUMENTS AND MATERIALS DESIGNATED  CONFIDENTIAL</u>.    Any documents or other materials designated confidential shall be produced to the requesting party at the expense of the requesting party.   At the close of this litigation each party shall be required to retrieve all copies of confidential materials from experts or other persons to whom they have been provided consistent with this order and to return to the opposing party any documents or other materials and copies thereof subject to this protective order. In no event shall either party be required to return documents or other materials whose confidentiality has been successfully challenged pursuant to paragraph 7 above.

9.     <u>USE OF CONFIDENTIAL INFORMATION BY PRODUCING PARTY.</u> Nothing herein contained shall be construed to limit any party or person in its use of its own documents or information or from disclosing its own documents or information.

10.     <u>APPLICATION TO THE COURT</u>.  Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds which would otherwise be available.  Entry of this Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Order and any consent hereto constitute a waiver of any right to seek relief from the Court  from  any  and  all  of  the  provisions  hereof  or  other modifications of the terms hereof.  This Order shall not limit any party's right to seek <u>in camera</u>

review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

11.    <u>CONSTRUCTION</u>.  This Order shall, in all instances, be construed according to the Federal Rules of Civil Procedure.


**SO ORDERED on February 28, 2014.**

**MARK E. WALKER**
**United States District Judge**

EXHIBIT "A"

ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
AGREEMENT TO BE BOUND THEREBY

I acknowledge receipt of a copy of the CONSENT PROTECTIVE ORDER dated , 2014, and I agree that I will be bound by its provisions with respect to any information provided to me pursuant to the terms of this Order. I agree that if I receive any document marked "CONFIDENTIAL", I will not make any copies thereof without the written consent of the party furnishing such document in discovery and I will not discuss the document with anyone other than counsel for a party or others necessary for the purpose of prosecuting or defending the case. I hereby consent to the personal jurisdiction of the United States District Court for the Northern District of Florida, Tallahassee Division, with regard to any matter relating to or arising out of the Order and I acknowledge that I have read the Order and understand its terms. I further acknowledge that I may be subjected to sanctions by the Court if I fail to comply with the Order.

DATED this ___ day of _____________, 2014.

_________________________________
Signature